Ailshie, C. J., and Stewart, J., concur.

(March 16, 1908.)

## THE WAR EAGLE CONSOLIDATED MINING COMPANY, Appellant, v. JOHN K. DICKIE, Respondent.

[94 Pac. 1034.]

FOREIGN CORPORATION—COMPLIANCE WITH CONSTITUTION AND STATUTE IN ORDER TO ENTITLE IT TO DO BUSINESS—RIGHT TO HOLD TITLE TO REAL ESTATE—TITLE ACQUIRED PRIOR TO MARCH 10, 1903.

1. Prior to the amendment of March 10, 1903, to sec. 2653, Rev. Stat., neither the constitution nor statutes of this state rendered a conveyance void that was made to a foreign corporation doing business within this state that had not complied with the requirements of the constitution and statute in appointing a statutory agent upon whom service of process might be had and maintaining one or more known places of business within the state.

2. The provisions of the amendment of March 10, 1903, that a corporation failing to comply with the requirements thereof "cannot take or hold title to any realty within this state prior to making such filings, and any pretended deed or conveyance of real estate to such corporation prior to such filings shall be absolutely null and void," do not refer to acts or transactions occurring or titles acquired prior to the passage of the law in question, and it was evidently not the legislative intent to make the law retroactive nor to divest previously acquired titles.

3. In the passage of the amendatory act of March 10, 1903, it was not the intention of the legislature to provide for or declare a legislative forfeiture of previously acquired titles, and the act contains no such provision, nor does it contain any method or procedure for carrying into effect such intent.

4. If a forfeiture had been intended and had actually taken place, the property would have escheated to the state subject to the payment of debts of the corporation, and not to any private party, and such escheat or forfeiture could not avail one who does not claim

his title from or through the state, but claims title from the general government.

5. In a case where the action prosecuted by a foreign corporation does not involve any contract or contractual relation or arise out of contract, and the defendant does not plead or contend that the cause of action did arise out of any contract or contractual relation, and it appears that the cause of action involved the protection of the title and possession of real property acquired at a time when the corporation had in all respects complied with the then existing law, and the defendant pleads as a defense that the plaintiff has failed and neglected to comply with the constitution and subsequent laws of this state in appointing a statutory agent and filing copies of its charter or articles of incorporation, such defendant is not in a position to maintain the defense of noncompliance with the statute on the part of the plaintiff.

6. Where a foreign corporation rightfully acquired title to real property within this state at a time when it had in all respects complied with the law of the state in respect to foreign corporations, but failed to comply with a subsequent enactment, but no forfeiture of its title has been judicially declared, it will be allowed a standing in court to protect its title and right of possession as against a private party who trespasses thereon or seeks or attempts to appropriate the same to his own use and benefit.

(Syllabus by the court.)

APPEAL from the District Court of the Third Judicial District, for the County of Boise. Hon. Fremont Wood, Judge.

Action by the plaintiff to quiet title to a mining claim. Judgment for the defendant. Plaintiff appeals. *Reversed.*

H. L. Fisher, for Appellant.

In *Katz v. Herrick,* 12 Ida. 1, 86 Pac. 873, this court cited with express approval the case of *Fritts v. Palmer,* 132 U. S. 282, 10 Sup. Ct. 93, 33 L. ed. 317. The case at bar is stronger than *Fritts v. Palmer* in the following particulars: In the Colorado case the foreign corporation was not complying, and had not complied, with the law at the time it took the deed; in the case at bar appellant, before and at the time of taking the deed, had made full compliance with the law. In *Fritts v. Palmer,* the corporation did not subsequently comply with

the law; in this case appellant subsequently complied with the law and gave a sufficient and satisfactory reason for the delay. In the Colorado case there was no pretension made that the corporation had at any time complied, or attempted to comply, with the law; in the case at bar appellant was delinquent in the one particular only of having failed to file its articles. In *Fritts v. Palmer* the party attacking the right of the corporation to hold the property connected himself with the original holder of the title; the record in this case shows defendant to be a mere interloper.

Where a corporation is competent by its charter to get a title to real estate, a conveyance to it is not void but only voidable; the sovereign alone can object. It is valid until assailed in a direct proceeding instituted for that purpose. (*Reynolds v. Crawfordsville Bank*, 112 U. S. 412, 5 Sup. Ct. 213, 28 L. ed. 736; *Smith v. Sheeley*, 12 Wall. 361, 20 L. ed. 430; *Hickory Farm Oil Co. v. Buffalo*, 32 Fed. 22; *Carlow v. C. Aultman & Co.*, 28 Neb. 672, 44 N. W. 873; *Myers v. McGavock*, 39 Neb. 843, 42 Am. St. Rep. 627, 58 N. W. 529; *Davis v. Old Colony R.*, 131 Mass. 258, 41 Am. Rep. 236; *Galveston etc. Imp. Co. v. Perkins* (Tex. App.), 26 S. W. 258; *Regan v. McElroy*, 98 Mo. 352, 11 S. W. 735; *Whitman Gold & S. Min. Co. v. Baker*, 3 Nev. 386.)

In *Katz v. Herrick* this court clearly distinguished between a suit to enforce a contract and one to annul and make void an executed contract. The court will not permit a defaulting corporation to enforce the fulfillment of an uncompleted contract, but, on the other hand, it will not allow an executed contract to be rescinded. (*Hennessy v. City of St. Paul*, 54 Minn. 223, 55 N. W. 1123; *Barrow v. Nashville & C. Turnp. Co.*, 9 Humph. (Tenn.) 304; *Edwards v. Fairbanks & Gilman*, 27 La. Ann. 449.)

Appellant in this case is not seeking to enforce a contract; it never had any contractual relations with defendant. It is merely attempting to prevent the confiscation of property already acquired and eject trespassers therefrom. (*Powder River Cattle Co. v. Custer Co.*, 9 Mont. 145, 22 Pac. 384; *Fisk v. Patton*, 7 Utah, 399, 27 Pac. 3; *Pleuffer v. Maltby*, 54 Tex.

454, 38 Am. Rep. 631; *Clements v. Yturria,* 81 N. Y. 285; *United States Express Co. v. Lucas,* 36 Ind. 361.)

A partial noncompliance with the statute on the part of the corporation, even if such failure had the effect of preventing it from further prosecuting its business in this state, should not close the courts of the state to it, so as to prevent it from asserting rights and recovering property already acquired. (*Texas Mortgage Co., Ltd., v. Worsham,* 76 Tex. 556, 13 S. W. 384; *Middle Brook v. David Bradley Mfg. Co.* (Tex. Civ. App.), 27 S. W. 170; *O'Reilly etc. Co. v. Greene,* 40 N. Y. Supp. 361, 17 Misc. Rep. 302.)

The provisions of the act respecting foreign corporations and their agents in this state are applicable only to actions brought for the enforcement of contracts, and have no applicability whatever to actions, such as this, brought by a foreign corporation, or its agent, to recover the possession of its property. (*Smith v. Little,* 67 Ind. 556; *American Type Founders Co. v. Conner,* 26 N. Y. Supp. 742, 6 Misc. Rep. 391; *Wright v. Douglas,* 10 Barb. 106.)

Hawley, Puckett & Hawley, for Respondent.

There can be no controversy as to the facts in so far as they relate to the plaintiff's omitted duties. It had failed, prior to the commencement of this action, to comply with the requirements essential to its corporate life in Idaho, viz.: The filing of its articles of incorporation, and the filing of its statutory designation of agent in either Ada or Boise counties. (Sec. 2353, Rev. Stats., as amended, Laws of 1903, p. 49.)

We take it that when the framers of the constitution said that "no foreign corporation shall do any business in this state without having one or more known places of business and authorized agent, etc.," and the people adopted it in their organic law, that they meant exactly what the clear and unmistakable language employed implies. (*Katz v. Herrick,* 12 Ida. 1, 86 Pac. 873.) The statute is just as clear in its statement that because of its noncompliance the corporation cannot take or hold title to any realty.

Although the Idaho case was one in which the corporation tried to enforce a contract, and not one in which it was trying to establish title to realty, we cannot see why in principle the corporation should be refused a right to sue on its contract on the theory that it has no legal entity, and yet have a right to sue to quiet its title to realty, or how the fact of real property standing in the corporation's name works such magic as to make it a corporation, when it tried to enforce its title, yet when it attempts to enforce a contract makes it an invisible nonentity.

Illinois has held that the title to realty in foreign corporations is void, and citizens have been the ones to invoke the law in this regard. (*Carroll v. East St. Louis*, 67 Ill. 568, 16 Am. Rep. 632; *United Trust Co. v. Lee*, 73 Ill. 142, 24 Am. Rep. 236-241.)

As to the *Fritts v. Palmer* case, our Idaho statutes were formed evidently with the Colorado statute's defects, as disclosed in the Fritts-Palmer case, in the mind of the legislature. Our statute is a positive, clear assertion of duty and penalty, while the Colorado statutes are more of an expression of a wish or an objection than of a direct and positive command.

In the Fritts-Palmer case the Colorado corporation had deeded its property five years before the law was passed, and was in an entirely different situation from this corporation. The individual who questioned the title was directly connected with the grantor, and the record clearly indicates that Palmer was guilty of fraud and collusion, and knew that his grantor had already granted away the title which he held. In this case the question of vendor and vendee does not enter; the respondent here does not claim title through anyone; only by virtue of his location of mining property.

The appellant is the aggressor. A case somewhat in point is *Myatt v. Ponca City Land & Imp. Co.*, 14 Okl. 189, 78 Pac. 185, 68 L. R. A. 810. The question involved was whether or not an individual had a right to set up as his answer to the cross-complaint of the corporation its inability to hold title to real property.

This court in late cases on this question has not placed its
decisions on the ground that the statute forbade suit on a
contract, but rather on the ground that until the foreign cor-
poration complies with the law it is a nonentity and its being
unrecognized. (*Valley Lumber & Mfg. Co. v. Nickerson,*
13 Ida. 682, 93 Pac. 24; *Valley Lumber & Mfg. Co. v. Dries-
sel,* 13 Ida. 680, 93 Pac. 765.)

Since the decision of the Katz-Herrick case, a number of
courts have held similar in effect on the points decided there.
(*Tri-State etc. Co. v. Forrest Park Co.,* 192 Mo. 404, 111 Am.
St. Rep. 511, 90 S. W. 1020, 4 L. R. A., N. S., 688; *A. Booth
& Co. v. Weigand,* 28 Utah, 372, 79 Pac. 570; *American Copy-
ing Co. v. Eureka Bazaar* (S. D.), 108 N. W. 15, 9 L. R. A., N.
S., 1176; *Osborne v. Shilling,* 74 Kan. 675, 88 Pac. 258; *Chi-
cago Co. v. Sims,* 197 Mo. 507, 95 S. W. 344; *Allen v. City of
Milwaukee,* 128 Wis. 678, 116 Am. St. Rep. 54, 106 N. W.
1099, 5 L. R. A., N. S., 680; *United Lead Co. v. Reedy,* 222
Ill. 199, 78 N. E. 567.)

AILSHIE, C. J.—This action was commenced by the ap-
pellant corporation on October 3, 1906, against the defendant
for the purpose of quieting its title to a piece of mining prop-
erty known as the Twin Springs Placer Claim. Plaintiff al-
leges that the claim was located on September 19, 1896, by
one Joseph M. Anderson, and that plaintiff was at the time of
the commencement of the action the owner of the property by
mesne conveyances from the locator; that subsequent to the
location of the property by Anderson and its purchase by the
plaintiff, the defendant Dickie wrongfully and unlawfully
entered into the premises and asserts some right or claim
therein. Plaintiff seeks to have its title quieted and defend-
ant restrained and enjoined from interfering with its title or
right of possession. The plaintiff also alleged that it was a
foreign corporation organized and existing under the laws of
the state of Connecticut, and engaged in the mining business
in Boise county, Idaho, with its principal place of business at
Boise City, Idaho, and that it had complied with the foreign
corporation laws of this state. Defendant denied the ma-

terial allegations of the complaint and also put in issue the allegation that the plaintiff had complied with the foreign corporation laws of this state. Upon the trial it was shown that on February 28, 1900, the War Eagle Consolidated Mining Company designated John O. Tombler, a resident of Ada county, Idaho, as its agent upon whom process issued under authority of the laws of the state of Idaho might be served, and on the same date duly filed such designation with the secretary of state of the state of Idaho, and likewise in the office of the clerk of the district court in and for Ada county. That thereafter, and on February 7, 1902, the War Eagle Consolidated Mining Company designated Harry L. Woodburn, who was residing in Ada county, as its agent upon whom process issued by authority of any law of this state might be served, and on the same date duly filed such designation, with the secretary of state of the state of Idaho. That thereafter, and on April 22, 1907, which was seven days prior to the date of trial, the plaintiff company filed with the recorder of Ada county, Idaho, that being the county designated as its principal place of business, a copy of its articles of incorporation duly certified by the secretary of state of the state of Connecticut, and a copy of such articles of incorporation duly certified by the recorder of Ada county, was also filed with the secretary of state of the state of Idaho, and that a designation of H. L. Fisher, the statutory agent on whom service of process might be had, was on the same date duly filed with the secretary of state, and also with the clerk of the district court in and for Ada county, and on April 29th a certified copy of its articles was filed with the recorder of Boise county. It also appears that at all the times mentioned it maintained an office and a known place of business at Boise City, in Ada county. The defendant contended in the lower court, and contends here, that this did not amount to a compliance with the requirements of sec. 2653, Rev. Stat., as amended by act of March 10, 1903 (Sess. Laws, 1903, p. 49), and that under the provisions of that statute as amended and the decision of this court in *Katz v. Herrick,* 12 Ida. 1, 86 Pac. 873, the plaintiff could not recover. The trial court seems to have

taken the same view and accordingly directed a verdict in favor of defendant. This appeal is from the judgment and an order denying a motion for a new trial. While several errors are assigned, as we view the case, it is only necessary for us to pass upon the question as to whether or not the plaintiff was, under the facts shown in this case, in such a position as to entitle it to maintain this action. *In limine,* it is proper to announce that our further consideration since deciding the case of *Katz v. Herrick,* of sec. 10, art. 11 of the constitution, and of our legislative enactment in accordance therewith, have all tended to reinforce the conviction that the principles announced in that case are correct and sound, and we have no inclination whatever to depart from them in any respect. It is next proper to observe and bear in mind that the case at bar does not involve any contract or contractual relation between the plaintiff and respondent. The action is not one either to enforce any contract or contractual relation or to obtain relief from or under any contract, nor does it involve any cause of action growing out of a contract. Again, it must be remembered that the appellant acquired its title to this mining property prior to the passage of the act of March 10, 1903. Prior to the latter amendment, neither the constitution nor statute of this state declared a conveyance of real estate to a noncomplying corporation null and void. We so held at the present term in *Bismark Mountain Gold Min. Co. v. North Sunbeam Gold Co., ante,* p. 516, 95 Pac. 14. The constitution, sec. 10 of art. 11, provides that "no foreign corporation shall do any business in this state without having one or more known places of business and an authorized agent," etc.; and the statute, sec. 2653, Rev. Stat., prior to amendment, prescribed the documentary evidence that the corporation should furnish showing that it had complied with the constitution and statute, and also prescribed the offices in which such documentary evidence should be filed. It has never been held, however, so far as we know, that the single act of taking title to a tract of real estate, as appears in this case, constituted "doing business" within the meaning of such a constitutional or statutory provision. But aside from that consideration, this corporation,

appellant here, had complied with the requirements of the constitution and statute prior to the amendment of 1903. It therefore follows that at the time it acquired the title to this real estate it did so legally and lawfully, and was entitled to do business within this state. It was therefore vested with the title to this mining property, subject, of course, to the paramount title in the United States. The amendment of 1903 on which respondent relies, and the provisions of which he invoked as a defense in this action, among other things, is as follows:

"Every corporation not created under the laws of this state must before doing business in this state, and every such corporation now doing business in this state, must within three months after the taking effect of this act, file with the county recorder of this county in this state in which is designated its principal place of business in this state, a copy of the articles of incorporation of said corporation . . . . and a copy of such articles of incorporation, duly certified by such county recorder, with the secretary of state, and must within three months . . . . designate some person in the county . . . . . upon whom process . . . . . may be served, and . . . . must file such designation in the office of the secretary of state, and in the office of the clerk of the district court for such county. . . . . No contract or agreement made in the name of or for the use or benefit of such corporation, prior to the making of such filings as first herein provided, can be sued upon or be enforced in any court of this state by such corporation, and such corporation cannot take or hold title to any realty within this state prior to making such filings, and any pretended deed or conveyance of real estate to such corporation prior to such filings shall be absolutely null and void."

The amended statute, while it requires foreign corporations to comply with its provisions, whether lawfully engaged in business in the state at the time of its passage or not, does not undertake to invalidate previously acquired titles, nor does it declare previous conveyances void. The provision of the act that any corporation failing to comply with the requirements thereof "cannot *take* or *hold* title to any realty within this

state prior to making such filings and any pretended deed or conveyance of real estate to such corporation prior to such filings shall be null and void,'' evidently refers to acts occurring and titles acquired subsequent to the passage of the law and its going into effect. It was certainly not retroactive. It could not have been the intention of the legislature to provide for a legislative forfeiture of previously acquired titles, and it made no provision for a judicial determination of the forfeiture. Forfeitures do not ordinarily occur upon the happening of the facts which authorize the same, but rather upon the judicial determination of those facts. (9 Am. & Eng. Ency. of Law, 584; 13 Am. & Eng. Ency. of Law, 1078, and cases cited.) For interesting discussions on subject of escheats and forfeiture of property of defunct and outlawed corporations, payments of debts and distribution, see *Havemeyer v. Superior Court,* 84 Cal. 327, 18 Am. St. Rep. 192, 24 Pac. 121, and note, 10 L. R. A. 627; *Late Corporation etc. v. United States,* 136 U. S. 1, 10 Sup. Ct. 792, 34 L. ed. 478. But if there was a forfeiture of plaintiff's title, it would have been to the state and not to a private party and that would not avail the defendant, as he connects his interest and right with the United States, and not with the state.

Respondent's counsel argues with much force and plausibility that it makes no difference where the title to the property rests, that the appellant has no standing in court and cannot maintain its action, and in support thereof quotes from *Katz v. Herrick,* and *Valley Lumber Co. v. Driessel,* 13 Ida. 662, 93 Pac. 765, and especially from the latter case, where it is said: ''The failure of a foreign corporation to comply with the law of the state before it may maintain an action goes to its capacity to sue; that is unless it complies with the law it has no capacity to sue.'' In those cases the court was dealing with actions on the corporations' contracts, and what is still more important, was dealing with transactions that had taken place while the corporation was in fact an outlaw or without legal existence in this state. The court was also considering the incapacity of the noncomplying corporation to *contract* or enforce such *unlawful contract.* Here the corporation was a

citizen, and had a legal existence under the laws of the state when it took title to the property; it never became an outlaw because it always had a resident agent on whom process could be served and maintained an office and known place of business, and at the time of the trial had fully complied with the requirements of the amendment of 1903. If there had ever been a time when it could not have lawfully defended the title to its property, that time had passed when this case was tried. It was not trying to establish or protect any right that ac-crued to it at a time when it was acting in violation or disregard of the laws of this state. It had a property right which it had lawfully acquired and which had not been forfeited, and for the protection of that right it is entitled to an adequate remedy. Title had passed to the corporation and it has not been divested of that title. (*Fritts v. Palmer*, 132 U. S. 282, 10 Sup. Ct. 93, 33 L. ed. 317.) In the Katz-Herrick case we held that failure to comply with the law might be interposed as a defense by a private party where the action involved a transaction which took place while the corporation was an outlaw or in default of compliance with the statute. This case does not fall within the rule there announced.

For the foregoing reasons, the judgment is reversed and the cause remanded for a new trial. Costs in favor of appellant.

Sullivan, J., and Stewart, J., concur.