(December 28, 1910.)

PENNSYLVANIA-COEUR D'ALENE MINING CO., a Corporation, Respondent, v. WILLIAM GALLAGHER et al., Appellants.

[112 Pac. 1044.]

Quiet Title—Mining Claims—Relocation of—Conspiracy—Findings —Sufficiency of Evidence—Admission and Rejection of—Foreign Corporation—Articles of Incorporation—Filing of—Designation of Agent—Amendment to Pleading.

(Syllabus by the court.)

1. *Held,* that the court did not err in the admission or rejection of certain evidence.

2. Under the provisions of sec. 2653, Rev. Stats., as amended by laws of 1903 (Sess. Laws, p. 49), which section is 2792, Rev. Codes, requiring foreign corporations to file their articles of incorporation and designate an agent upon whom process may be served, where a

foreign corporation received conveyances to certain mining claims dated April 21, 1906, and filed its articles of incorporation with the county recorder of the county in which such real estate is situated, and also with the secretary of state on said date, and on June 16, 1906, filed its designation of a statutory agent in said county and filed said deeds for record, and on the 18th of said month filed a copy of such designation of agent with the secretary of state, *held*, a sufficient compliance with the provisions of said section and that said conveyances are not void under the provisions thereof.

3. Under the provisions of section 4225 et seq., Rev. Codes, a trial court has large discretion in permitting amendments to pleadings, and may permit such amendments at any stage of the proceedings almost as of course to make the pleadings correspond with the proof.

4. *Held*, that the evidence is sufficient to sustain the finding of facts.

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. W. W. Woods, Judge.

Action to quiet title to certain mining claims. Judgment for respondent. *Affirmed*.

James E. Gyde and A. G. Kerns, for Appellants.

A correct interpretation of the law of 1903 does not give a corporation commencing to do business after the passage of that act three months in which to file its designation of agent with the proper officers, but be that as it may, the law explicitly provides that any "pretended deed or conveyance of real estate to such corporation prior to such filings shall be absolutely null and void."

Gray & Knight and John H. Wourms, for Respondent.

"It is generally held that acquiring the title to real or personal property, and holding or transmitting the same, without more, is not the doing or transacting of business within the meaning of the statutes imposing conditions or restrictions upon foreign corporations, and is not prohibited by such statutes." (*Foore v. Simon Piano Co.*, 18 Ida. 167, 108 Pac. 1038; *Louisville Property Co. v. Nashville*, 114

Tenn. 213, 84 S. W. 810; *Wilson v. Peace,* 38 Tex. Civ. 234, 85 S. W. 31; *Empire Min. & Mill Co. v. Tombstone Mill. & Min. Co.,* 100 Fed. 910.)

SULLIVAN, C. J.—This is an action by the respondent, a corporation organized and existing under the laws of the state of Maine, to quiet title to certain mining claims and to have it established by a decree of the court that the defendants hold said claims in trust for the respondent. The appellant claims ownership to said property by virtue of certain deeds conveying said claims to it in the month of April, 1906. Said mining claims are called Golden Eagle No. 1, Golden Eagle No. 2, Columbus, Good Hope, Murray, Wampum, Dinero, Plumbum, Argentum, Good Luck, Gallagher, and Col. Bradford. It is alleged in the complaint that said mining claims were wrongfully and fraudulently relocated by the appellants Dunlap and Smith on the 1st day of January, 1909, under the following names: Reliance, Reliance No. 1, Reliance No. 2, Reliance No. 3, Reliance No. 4, Reliance No. 5, Reliance No. 6, Reliance No. 7, Reliance No. 8, Reliance No. 9, and Reliance No. 11; and it is alleged that said claims were so located in furtherance of a conspiracy entered into between the appellants to defraud plaintiff out of said claims.

Certain demurrers were filed to the complaint and to the amended complaint, on the ground generally that the plaintiff had no capacity to sue and had failed to designate an agent upon whom process could be served, and that the amended complaint does not state facts sufficient to constitute a cause of action. All of the demurrers were overruled. Separate answers were filed by the various defendants, all practically in the same form, which admitted that the defendants Dunlap and Smith relocated said claims, but denied that it was through any conspiracy entered into by the defendants to defraud plaintiff of its property. It was alleged in the amended complaint that the ground in controversy was subject to relocation at the time said relocations were made, and alleged in substance that said relocations were in

trust for the plaintiff by reason of an unlawful conspiracy whereby it is alleged that the two appellants Gallagher failed purposely to do the annual labor for 1908. The answers admitted that the annual labor was not done for 1908, also alleged that the annual labor was not done for 1907, but denied that the failure of the Gallaghers to do such annual labor was by reason of any conspiracy. The contention of the defendants is that the annual labor was not performed for the years 1907 and 1908, and that such failure was not due to any failure of duty on the part of the appellants or any of them, and that said mining ground was subject to relocation by any person having the statutory qualifications. It appeared from the evidence on the part of the appellants that the claims were not legally relocated by Dunlap and Smith; that they put up notices, staked the claims and pretended to locate them in the month of December, 1908, but afterward, on the second day of January, 1909, went on the ground, re-marked the stakes, dated the notices January 1st, 1909, and filed the notice for record without doing anything further or any other work, and on that showing at the close of the trial the respondent offered an amendment conforming to such testimony, which amendment was allowed by the court.

The court made its finding of facts, conclusions of law and entered judgment in favor of the respondent, and this appeal is from the judgment and from the order denying a new trial.

Counsel for appellants assign sixty errors, going to the admission and rejection of certain evidence and to denying motions to strike out certain evidence and to the action of the court in other matters, and that certain findings of fact were not supported by the evidence and that the court erred in entering the judgment and decree.

As to the alleged errors in regard to the admission and rejection of testimony, the court has carefully examined the errors assigned and finds no prejudicial error in the ruling of the court in that regard.

It is next contended that the plaintiff is a foreign corporation and that the deeds conveying said mining claims to said corporation were absolutely void under the provisions of sec. 2792, Rev. Codes, which section was 2653, Rev. Statutes, and was amended by an act of the legislature in 1903 (see Sess. Laws 1903, p. 49). It appears that the respondent corporation was organized under the laws of Maine on January 27, 1906; that the deeds conveying said mining claims to said corporation are dated April 21, 1906; that said articles of incorporation were filed in the office of the county recorder of Shoshone county on April 21, 1906, and on the same date with the secretary of state. On June 16, 1906, the respondent filed with the clerk of the district court of said Shoshone county a copy of designation of agent and on the same day filed said deed for record, and two days later filed a copy of its designation of agent with the secretary of state. It thus appears that the deeds bore date of April 21st and were not filed for record until June 16, 1906, the date of filing its designation of agent. Said sec. 2792 provides, among other things, that every foreign corporation, before doing business in this state, shall file with the county recorder of the county in this state in which is designated its principal place of business a copy of the articles of incorporation of said corporation and with the secretary of state, and must also within three months from the time of commencement to do business in this state, designate some person in the county in which the principal place of business is conducted, upon whom process may be served, and within that time must file such designation in the office of the secretary of state and the office of the clerk of the district court of such county. It is also provided as follows:

"No contract or agreement made in the name of, or for the use or benefit of, such corporation prior to the making of such filings as first herein provided, can be sued upon or enforced in any court of this state by such corporation. Such corporation cannot take or hold title to any realty within this state prior to making such filings, and any pretended deed or con-

veyance of real estate to such corporation prior to such filings shall be absolutely null and void."

This court has had under consideration the question of the right of foreign corporations to do business in this state, and several features have been determined in the following cases: *Katz v. Herrick,* 12 Ida. 30, 86 Pac. 873; *War Eagle Consolidated Mining Co. v. Dickie,* 14 Ida. 534, 94 Pac. 1034; *Tarr v. Western Loan & Savings Co.,* 15 Ida. 741, 99 Pac. 1049, 21 L. R. A., N. S., 707; *Foore v. Simon Piano Co.,* 18 Ida. 167, 108 Pac. 1038; *Keating v. Keating Min. Co.,* 18 Ida. 660, 112 Pac. 206. We think the rules laid down in those cases effectually dispose of the contention on the point under consideration against appellants, and under the facts of this case appellants cannot profit in this action on the ground that said deed was executed on April 21, 1906, and that the designation of agent and the deeds were filed on the same date with the clerk of the district court of Shoshone county, *ex-officio* recorder, and said designation of agent was filed within the three months provided for by said section.

The assignment of error involving the action of the court in permitting the amendment of the complaint at the close of the evidence is not well taken. Under the provisions of our statute, Rev. Codes, secs. 4225 to 4229, inclusive, amendments should be liberally allowed. Under statutes similar to our own, the supreme court of Washington in *Miner v. Paulson* (Wash.), 110 Pac. 994, said: "A party may amend at any stage of the proceedings almost as of course to make his pleadings correspond with his proof." Said amendment did not result in an abandonment of the original theory of the respondent as to the fact that a conspiracy existed. The amendment simply set forth the actual facts with reference to the location of said mining claim in order that the decree might properly follow the evidence. It simply made the pleading conform to the proof introduced by appellants themselves and they certainly were not taken by surprise in regard thereto.

The court in its findings of fact found all of the material issues in favor of the respondent, and the evidence is amply sufficient to sustain them.

Upon a careful examination of the record, we conclude that it contains no reversible error, and the judgment must therefore be affirmed, and it is so ordered, with costs of this appeal in favor of the respondent.

Ailshie, J., concurs.