(June 2, 1914.)

## DICKENS–WEST MINING CO., a Corporation, Respondent, v. CRESCENT MINING & MILLING CO., a Corporation, Appellant.

[141 Pac. 566.]

MINING CLAIMS—SUIT TO QUIET TITLE—FOREIGN CORPORATIONS—COMPLIANCE WITH STATE LAW—STATUTORY CONSTRUCTION—VOID CONVEYANCE—ANNUAL LABOR—AFFIDAVIT OF—PRIMA FACIE EVIDENCE—SUBSTANTIAL CONFLICT.

1.   Where a foreign corporation fails to comply with the laws of this state in filing its articles of incorporation and designating an agent upon whom service of process may be made with the Secretary of State and with the clerk of the district court of the county

in which its principal place of business is located, it has no authority to do business in the state.

2. Under the provisions of sec. 2792, Rev. Codes, a foreign corporation cannot take or hold title to any realty within this state prior to making the proper filings of its articles of incorporation and designation of agent, and any deed or conveyance of real property to such corporation prior to such filings shall be absolutely void.

3. *Held,* that the evidence fails to show that the annual assessment work was performed upon the mining claim, the title to which is involved in this action.

APPEAL from the District Court of the First Judicial District, in and for Shoshone County. Hon. W. W. Woods, Judge.

Action to quiet title to a mining claim. Judgment for plaintiff. *Reversed.*

W. H. Hanson and Therrett Towles, for Appellant.

When a foreign corporation attempts to allege its compliance with the foreign corporation laws of this state by reciting the things the corporation has done, failure to set forth the performance of all the things required by the constitution and statute leaves the complaint open to demurrer on the ground of failure to show capacity to sue. (*Valley Lumber etc. Co. v. Driessel,* 13 Ida. 662, 93 Pac. 765, 15 L. R. A., N. S., 299, 13 Ann. Cas. 63; *Valley Lumber etc. Co. v. Nickerson,* 13 Ida. 682, 93 Pac. 24; *Consolidated Wagon & Machine Co. v. Kent,* 23 Ida. 690, 132 Pac. 305.) Sec. 10, art. 11 of our constitution was held in the case of *Katz v. Herrick,* 12 Ida. 1, 86 Pac. 873, to be self-acting, but for the purpose of eliminating all question or doubt, the legislature of this state passed sec. 2792, Rev. Codes.

The constitutional and statutory provisions with reference to the qualifications of a foreign corporation to do business in this state are mandatory, and must be complied with in order to enable such corporation to maintain an action in the courts of this state to enforce its contracts. (*Tarr v. Western Loan & Savings Co.,* 15 Ida. 741, 99 Pac. 1049, 21 L. R. A., N. S.,

707; *Cincinnati Mut. Health Assurance Co. v. Rosenthal,* 55 Ill. 85, 8 Am. Rep. 626.)

The U. S. supreme court held by inference at least that the legislature could declare an absolute forfeiture if it desired to incorporate the same in the statute. (*Fritts v. Palmer,* 132 U. S. 282, 10 Sup. Ct. 93, 33 L. ed. 317.)

Conveyances of real estate to a foreign corporation in violation of such a statutory or charter prohibition are void and do not transfer titles. (Thompson on Corporations, sec. 6688, and cases there cited.)

Mere proof of the expenditure of $100 for assessment work is not of itself sufficient. The test as to the reasonable value of any work or improvements is not what was paid for it, or what was supposed to be paid for it, or what the contract price was, but it depends entirely upon whether or not the work or improvements were reasonably worth the sum of $100. (*Mattingly v. Lewisohn,* 13 Mont. 508, 35 Pac. 111; 2 Lindley on Mines, sec. 635; *McCulloch v. Murphy,* 125 Fed. 147.)

Although the burden of proof of forfeiture is conceded in this instance to be upon the party claiming it, if this presumption has been rebutted by concrete evidence of the failure to perform the assessment work, the burden is thrown back upon the owner of the claim to prove that the work was done. (Elliott on Evidence, secs. 86, 91; Wigmore on Evidence, sec. 2487.)

It thus became the duty of the respondent to show by actual evidence, and not by presumptions, where the work had been done and what it was. (*Sherlock v. Leighton,* 9 Wyo. 297, 63 Pac. 580, 934; *Hausner v. Leebrick,* 51 Kan. 591, 33 Pac. 375; *Copper Mountain Mining etc. Co. v. Butte & Corbin Consol. Copper etc. Min. Co.,* 39 Mont. 487, 133 Am. St. 595, 104 Pac. 540; *Little Dorrit Gold Min. Co. v. Arapahoe Gold Min. Co.,* 30 Colo. 431, 71 Pac. 389; *Fredricks v. Klauser,* 52 Or. 110, 96 Pac. 679.)

A. G. Kerns and Featherstone & Fox, for Respondent.

The appellant corporation does not occupy a position where it has either a legal or equitable right to ask a forfeiture of

the property of the respondent in its favor. (*Fritts v. Palmer,* 132 U. S. 282, 10 Sup. Ct. 93, 33 L. ed. 317.)

"It has never been held, however, so far as we know, that the single act of taking title to a tract of real estate, as appears in this case, constituted 'doing business' within the meaning of such a constitutional or statutory provision." (*War Eagle Consol. Min. Co. v. Dickie,* 14 Ida. 534, 94 Pac. 1034; *Foore v. Simon Piano Co.,* 18 Ida. 167, 108 Pac. 1038.)

It was not the intention of the legislature in enacting sec. 2792, Rev. Codes, to open a way for adventurers to exploit and confiscate the property of foreign corporations that had in good faith complied or attempted to comply with the laws of the state. And this court has in a number of decisions held that it would not in a collateral proceeding allow a litigant to take advantage of a technical noncompliance with that law. (*Keating v. Keating Min. Co.,* 18 Ida. 660, 672, 112 Pac. 206; *Pennsylvania-Coeur D'Alene Min. Co. v. Gallagher,* 19 Ida. 101, 112 Pac. 1044.)

SULLIVAN, J.—This is a suit to quiet title to a certain mining claim located and known as the Montana lode mining claim in Yreka mining district, Shoshone county.

Upon the issues made by the pleadings, findings of fact and judgment were made and entered, quieting the title to said mining claim in the plaintiff as prayed for in the complaint. This appeal is from the judgment.

It is alleged in the complaint that the respondent corporation was duly organized and existing under the laws of the state of Washington and that it complied with the laws of the state of Idaho in relation to foreign corporations by filing its articles of incorporation, designating an agent upon whom process might be served, and paying the license fee; that the appellant was a corporation organized and existing under the laws of the state of Idaho; that the respondent corporation was the owner and in the possession and entitled to the possession of said Montana lode mining claim, which claim had been located March 29, 1897, by one Amelia H. Cameron, and upon which respondent or its predecessors in interest had

done the annual assessment work during each and every year since last mentioned date up to the year 1912, and that it was prevented from doing such work that year through means of force used by the appellant company, and that unless the respondent is aided by the equitable intervention of the court, the said mining claim would be subject to forfeiture and the respondent's rights imperiled.

A demurrer was interposed to said complaint and overruled by the court. The appellant answered, admitting the incorporation of the respondent, but denied that it had complied with all or any of the laws of the state of Idaho, and affirmatively alleged that respondent had never complied with the laws of the state of Idaho relating to foreign corporations, and denied the performance of the assessment work claimed to have been done by the respondent during the years mentioned in the complaint, and denied the allegation that the respondent was prevented by force from performing the assessment work on said claim in 1912.

The appellant corporation also set up as an affirmative defense by way of cross-complaint that on the 29th of January, 1912, said mining claim was duly located by one Inghram and named by him the "Halfmoon" mining claim, and that long prior to the commencement of this action the appellant became the owner thereof by purchase and ever since has been and now is the owner thereof; that at the time of the location of said Halfmoon lode the area embraced within its boundaries was vacant, unoccupied public land and subject to location, and that on October 7, 1912, the appellant, being in possession of said claim, the agents of the respondent corporation, during the absence of the agents of appellant, entered into possession of said property, and that thereafter the appellant instituted an action in the probate court of Shoshone county for the purpose of securing restitution of said premises and for damages, but before service of process could be secured on the agent of respondent this action was instituted.

The appellant by its cross-complaint prayed for judgment that its title in the said Halfmoon lode claim be quieted and confirmed, and that a perpetual injunction issue in said action

against respondents and its agents. Service of said answer and cross-complaint was made upon the attorneys for respondent on April 3, 1913. On May 19, 1913, the default of the plaintiff corporation for not answering the cross-complaint or appearing therein was entered by the clerk of the trial court. The cause was thereafter tried by the court and judgment entered in favor of the plaintiff, as above stated. The court, however, failed to make any findings as to the allegations of the cross-complaint.

The respondent on the trial, to prove that it had complied with the laws of the state of Idaho in regard to foreign corporations, introduced in evidence a certificate which showed the filing of a certified copy of its articles of incorporation with the Secretary of State of the state of Idaho on July 18, 1907, and its designation of an agent on August 9, 1907, in the said office of the Secretary of State, and also proved the filing of a certified copy of its articles of incorporation in the office of the recorder of Shoshone county on July 9, 1907. Its designation of agent was not filed in Shoshone county until December 7, 1912, which was after the commencement of this action. The respondent also introduced in evidence a certificate of location covering the said Montana lode mining claim, and also a deed from one Amelia H. Cameron, purporting to convey said claim to the respondent corporation, dated June 5, 1907, and recorded December 7, 1912.

The only evidence offered by the respondent as to the performance of the annual assessment or representation work on said claim for the year 1911, consisted of the affidavit or proof of labor made by T. V. Lowney, and the testimony of one J. L. Whitney, who was the assistant secretary of the respondent corporation, and D. R. Cameron, the president of said corporation, to the effect that $100 had been paid for doing the assessment work for the year 1911.

In order to show that the assessment work for 1911 had not been performed, the appellant corporation introduced several witnesses who testified that they had examined said claim and that not more than four or five dollars' worth of work had been performed upon said mining claim in the year 1911, by

the respondent corporation. Inghram, the locator, of the Halfmoon claim, testified that the only work done there by respondent corporation was a small cut about four or five feet long on the sidehill in loose rock and dirt; that the cost of making such excavation would not be more than a day's work for one man, or about four dollars, and that there was no other work done on said claim in the year 1911; that he examined said claim carefully and that that was all the work that was done. Two or three other witnesses testified substantially to the same effect. It appears that there were some tunnels and other work that had been done in previous years, and appellant showed by its evidence that there was no work whatever done in said tunnels or openings during the year 1911; that no work except the small cut above referred to was done on said claim in 1911.

The first contention made by counsel for appellant is that the deed executed by Mrs. Cameron purporting to convey said Montana lode claim to the respondent corporation, dated June 5, 1907, and not filed for record until December 7, 1912, was absolutely void for the reason that said foreign corporation had not complied with the laws of this state in regard to filing its designation of an agent in the office of the clerk of the district court of Shoshone county, as such designation was not filed until 1912, some five years after said conveyance was executed, and said contention is based on the provisions of sec. 2792, Rev. Codes. That section provides for the filing by foreign corporations of their articles of incorporation and the designation of an agent, and provides, among other things, as follows: "Such corporation cannot take or hold title to any realty within this state prior to making such filings, and any pretended deed or conveyance of real estate to such corporation prior to such filings shall be absolutely null and void." That section of the statute is mandatory, and any conveyance made to a corporation that has failed to comply with said law is, as there declared, null and void. As bearing upon this question see sec. 10, art. 11, Const. of Idaho; *War Eagle Consolidated Min. Co. v. Dickie,* 14 Ida. 534, 94 Pac. 1034; *Katz v. Herrick,* 12 Ida. 130, 86 Pac. 873;

*Tarr v. Western Loan & Savings Co.*, 15 Ida. 741, 99 Pac. 1049, 21 L. R. A., N. S., 707; *Foore v. Simon Piano Co.*, 18 Ida. 167, 108 Pac. 1038; *Keating v. Keating Min. Co.*, 18 Ida. 660, 112 Pac. 206; *Pennsylvania Min. Co. v. Gallagher*, 19 Ida. 101, 112 Pac. 1044; *Consolidated Wagon & Machine Co. v. Kent*, 23 Ida. 690, 132 Pac. 305.

The evidence clearly shows that said foreign corporation, the respondent, neglected and failed to file its designation of an agent upon whom service of process might be made until about five years after Mrs. Cameron had attempted to convey said mining claim to it. Therefore, the respondent had no title to said Montana lode mining claim and never has had any title thereto, as said conveyance was absolutely void under the provisions of said sec. 2792.

The next contention of counsel is that the annual assessment work for the year 1911 was not performed upon said Montana lode mining claim, and that the ground included therein was open to location on the 1st day of January, 1912, and was so open at the time it was located by said Inghram.

Under the provisions of sec. 3211, Rev. Codes, the affidavit of annual labor referred to therein is made *prima facie* evidence of the performance of such labor, but when that *prima facie* evidence is met and overcome by positive evidence that the labor had not been performed, it then devolves upon the respondent to show by evidence of a positive and affirmative nature other than the affidavit that the work had actually been performed. The mere fact that the respondent in rebuttal showed that it had actually paid the $100 for the performance of such assessment work was not sufficient evidence that the work was actually done, in view of the fact that several witnesses had testified that only about four or five dollars' worth of work had been performed upon said mining claim during the year 1911. While the evidence of the payment of the $100 would tend to show good faith on the part of the respondent, *good faith* is not sufficient; the law requires the *actual performance* of the work. In such a case the principal question is not whether the money was paid for the work, or whether the owner honestly believed the work was done, but whether the

work was *actually performed*.  The statute is mandatory requiring such work to be done and must be substantially complied with.

Mr. Lindley, in his work on Mines, 3d ed., sec. 635, says: "Owners of mining claims are sometimes imposed upon by those who are paid for doing the work, but the obligation rests on the owner to see that the work is actually done."

Upon the same point see *Protective Min. Co. v. Forest City Min. Co.*, 51 Wash. 643, 99 Pac. 1033, where the court said: "It is true it [the mining company] paid the sum of $500 to parties whom it had no doubt employed in good faith, but who did no more than go upon the ground and make pretense of doing the work.  This is not a compliance with the law.  The work must be done as required in the federal statutes or a forfeiture results."

The evidence of the appellant shows that not more than five dollars' worth of work was done upon said claim during the year 1911.  If any other work had been done or performed by the respondent, or any other person in its behalf, it was the duty of the respondent, after the introduction of said testimony on the part of the appellant, to show that the work was actually done; but instead of doing that, all the respondent offered in rebuttal was the evidence that it had paid the $100.  (See 2 Lindley on Mines, sec. 624.)  The record shows that the appellant might have procured the testimony of Lowney, who made the affidavit of annual labor and who the respondent claimed performed said work, but it failed to do so.  This is a significant fact in itself, and it was incumbent upon the respondent, after the *prima facie* case made by it was so overwhelmingly overcome by evidence on behalf of appellant, to produce the evidence of the witness who did the work, or the evidence of other parties who knew it was done.  The affidavit of annual labor should be taken by the courts for what it is worth, and where it concerns the annual labor for a recent year, and the owner has it within his power to produce the testimony of the person who actually did the work, in a case where the *prima facie* evidence provided for

by the statute is flatly contradicted by positive proof, such affidavits do not make the substantial conflict in the evidence contemplated by the decisions of this court wherein it is held that where there is a substantial conflict in the evidence, the findings of the court or the verdict of the jury will not be set aside, and as contemplated by sec. 4824, Rev. Codes.

Thus it appears that the respondent is not entitled to recover in this action for two reasons: First, that it failed to comply with the law in regard to foreign corporations and that it received no title whatever to said mining claim through the conveyance of Mrs. Cameron; and, second, there was a failure to perform the annual labor for the year 1911.

The judgment must be reversed and a new trial granted. Costs awarded to the appellant.

Ailshie, C. J., concurs.

DUNN, District Judge, Dissenting.—The deed made in 1907 by Amelia H. Cameron to the Dickens-West Mining Company, being void, did not pass the legal title of the Montana lode claim to that company, consequently that title must have remained in the grantor, but the corporation, having paid the grantor the full consideration agreed upon, became the equitable owner and entitled to a valid conveyance upon completing its compliance with the laws of this state governing foreign corporations.

As to the performance of the annual labor for the year 1911, it seems clear to me that the record shows a substantial conflict in the evidence, which requires this court to sustain the judgment of the trial court. A careful examination of evidence convinces me that the trial judge, with the witnesses before him, might easily and not unreasonably take the view that the *ex parte* affidavit, together with the evidence that the company actually paid $100.00 for the work, would outweigh the testimony of the two witnesses who swore that the work was not done. And certainly the trial judge is the only one who can fairly determine the value and weight of the testi-

mony of the witnesses and whether or not the affidavit, which the statute makes *prima facie* evidence that the work was done, has been overcome. I think the judgment of the district court ought to be affirmed.