(November 20, 1915.)

## JUNCTION PLACER MINING CO., a Corporation, Respondent, v. M. O. REED et al., Appellants.

[153 Pac. 564.]

MOTION TO DISMISS APPEAL—MINING CLAIMS—WATER RIGHTS—ACTION TO QUIET TITLE—FOREIGN CORPORATIONS—STATUTORY CONSTRUCTION —SUFFICIENCY OF EVIDENCE.

1. Under the provisions of sec. 4434, Rev. Codes, as amended by Sess. Laws 1911, p. 379, the district judge has authority to control the getting out of the reporter's notes and to grant necessary extensions of time for the reporter to transcribe his notes and to make all orders in relation thereto. (*Fischer v. Davis,* 24 Ida. 216, 133 Pac. 910; *Coon v. Sommercamp,* 26 Ida. 776, 146 Pac. 728.)

2. Under the provisions of sec. 2792, Rev. Codes, a foreign corporation, prior to filing its articles of incorporation and designating its agent as provided by said section, cannot sue upon or enforce in any court in this state any contract or agreement made in the name or for the benefit of such corporation.

[As to citizenship and residence of foreign corporation for jurisdictional purposes, see note in 85 Am. St. 906.]

3. *Held,* that the evidence shows that the plaintiff corporation had complied with the provisions of said statute prior to the time of procuring title to the mining claims involved in this action, and that this action is not an action upon a contract, but is an action to quiet title to property acquired by the plaintiff at a time when it had fully complied with the provisions of said section.

4. A foreign corporation may sue in the courts of this state to protect its title and right of possession to real estate as against a private party who trespasses thereon or seeks or attempts to appropriate the same to his own use or benefit.

5. Evidence *held* sufficient to support the finding of facts.

APPEAL from the District Court of the Second Judicial District for Clearwater County. Hon. Edgar C. Steele, Judge.

Action to quiet title to certain mining claims and water rights. Judgment for the plaintiff. *Affirmed.*

On the right of foreign corporation to sue, see note in 24 L. R. A. 289.

A. A. Holsclaw, for Appellants.

The court below erred in making and entering judgment quieting title to said premises in plaintiff, the record clearly showing that plaintiff was a foreign corporation and had not complied with the laws of the state of Idaho governing foreign corporations, and had no legal status or standing in the courts of the state of Idaho at the time suit was instituted. (*Katz v. Herrick*, 12 Ida. 1, 86 Pac. 873.)

There is no equity in the bill. Before plaintiff can be heard to ask that the title be quieted, it must tender payment of the several mortgage and judgment liens existing against the property, and it is no excuse to plead that the liens may have become barred by the statute of limitations. (2 Am. & Eng. Ency. of Law, 310; *Briggs v. Johnson*, 71 Me. 235; *Boeck v. Merriam*, 10 Neb. 199, 4 N. W. 962; *Crumb v. Davis*, 54 Iowa, 25, 6 N. W. 53; *Barnett v. Cline*, 60 Ill. 205; *Reed v. Tyler*, 56 Ill. 288; *Cartwright v. McFadden*, 24 Kan. 662; *Partee v. Mathews*, 53 Miss. 140, 141; *Gibson v. Johnson*, 73 Kan. 261, 84 Pac. 982; *Tracy v. Wheeler*, 15 N. D. 248, 107 N. W. 68, 6 L. R. A., N. S., 516.)

G. W. Tannahill, for Respondent.

The transcript was not prepared within the time provided by law therefor, and was not served and filed within the time provided by law or the rules of this court. More than forty days elapsed between the date of the service of the notice of appeal and of the filing of the same and the date of the service of the stenographer's transcript. (*Edwards v. Anderson*, 23 Ida. 508, 130 Pac. 1001; *Strand v. Crooked River Min. & Mill. Co.*, 23 Ida. 577, 131 Pac. 5.)

"Where the cause of action involved the protection of the title and possession of real property acquired at a time when the corporation had in all respects complied with the then existing law, and the defendant pleads as a defense that the plaintiff has failed and neglected to comply with the constitution and subsequent laws of this state in appointing a statutory agent, and filing copies of its charter or articles

of incorporation, such defendant is not in a position to maintain the defense of noncompliance with the statute on the part of the plaintiff.'' (*War Eagle Con. Min. Co. v. Dickie*, 14 Ida. 534, 94 Pac. 1034; *Reynolds v. Crawfordsville etc. Bank*, 112 U. S. 405, 412, 5 Sup. Ct. 213, 28 L. ed. 733, 736; *Smith v. Sheely*, 12 Wall. (U. S.) 361, 20 L. ed. 430; *Hickory Farm Oil Co. v. Buffalo etc. R. Co.*, 32 Fed. 22; *Carlow v. C. Aultman & Co.*, 28 Neb. 672, 44 N. W. 873; *Myers v. Mc-Gavock*, 39 Neb. 843, 42 Am. St. 627, 58 N. W. 522; *Davis v. Old Colony R. Co.*, 131 Mass. 258, 41 Am. Rep. 221; *Galveston etc. Imp. Co. v. Perkins* (Tex. Civ.), 26 S. W. 256, 258; *Ragan v. McElroy*, 98 Mo. 349, 352, 11 S. W. 735; *Whitman Gold & S. Min. Co. v. Baker*, 3 Nev. 386.)

Respondent in this case is not seeking to enforce a contract; it never had any contractual relations with appellants. It is merely attempting to prevent the confiscation of property already acquired and eject trespassers therefrom. (*Powder River Cattle Co. v. Commissioners of Custer County*, 9 Mont. 145, 154, 22 Pac. 384; *Fisk v. Patton*, 7 Utah, 399, 27 Pac. 1, 3; *Pfeuffer v. Maltby*, 54 Tex. 454, 38 Am. Rep. 631; *Clements v. Yturria*, 81 N. Y. 285; *United States Express Co. v. Lucas*, 36 Ind. 361.)

The provisions of the act respecting foreign corporations and their agents in this state are applicable only to actions brought for the enforcement of contracts, and have no applicability whatever to actions, such as this, brought by a foreign corporation to recover the possession of its property. (*Smith v. Little*, 67 Ind. 549, 556; *American Type Founders Co. v. Conner*, 26 N. Y. Supp. 742, 6 Misc. Rep. 391; *Wright v. Douglass*, 10 Barb. (N. Y.) 97, 106.)

SULLIVAN, C. J.—The Junction Placer Mining Company brought this action for the purpose of quieting its title to certain placer mining claims situated in sec. 27, tp. 38 N. of Range 4 E., B. M., and to quiet its title to certain water rights connected with said placer mining claims. The action was originally brought against M. O. Reed and others, but subsequently M. O. Reed and others transferred all of

their interests to the Clearwater Mining Company, a corporation, and thereafter it was made a defendant and the action was prosecuted against the Clearwater Mining Company and others. Said M. O. Reed died subsequent to the institution of the action and his administratrix and heirs were made parties by supplemental complaint. The issues before this court are between the respondent, the Junction Placer Mining Company and the appellants, the Clearwater Mining Company and G. A. Henkel. The defendants, the Western Land Company and the Clearwater Timber Company, did not appeal from the judgment of the trial court.

The Clearwater Mining Company answered denying the material allegations of the complaint and claimed title to certain of said mining claims by reason of the location thereof. The answer also contained an affirmative allegation to the effect that the plaintiff corporation had failed to comply with the laws of the state, and therefore had no legal capacity to bring and maintain this action, and as a further defense alleged an abandonment of said claims by the plaintiff corporation and uninterrupted possession of said mining claims and property since the first day of September, 1912, and that since the 31st of March, 1910, the defendant Henkel and his wife had been the absolute and unqualified owners of the entire capital stock of the plaintiff corporation.

The defendant Henkel filed a separate answer in which he denied that the mortgages set out in the complaint were paid, and alleged that he was the owner of said mortgages and of a judgment amounting to $1,114.16, which is a lien against said mining claims and property, and also alleged that he is the owner of another mortgage given to secure $225, and that said debt remained unpaid and in full force, and prayed that the complaint and supplemental cross-complaint of the plaintiff be dismissed and that all of the rights of the several defendants as set forth in the answer in the affirmative defenses be decreed to be superior to any claim of the said plaintiff, and for such other and further relief as was just and equitable in the premises.

Defendants M. O. Reed, Frank K. Bernard, John Groves, William Bush and Minnie F. Walker answered denying the material allegations of the complaint and set up defenses similar to those set up in the answer of said Clearwater Mining Co., and prayed that all of the rights of said answering defendants as set forth in their affirmative answer be decreed to be superior to any claim of the plaintiff.

Upon the issues thus made the cause was tried before the court without a jury, and finding of facts, conclusions of law and decree and judgment were entered in favor of the plaintiff, substantially quieting the title to said mining claims, water rights and property in the plaintiff corporation.

We are met at the beginning with motions to strike the transcript from the files and to dismiss the appeal, on the ground that the transcript was not prepared within the time provided by law and the rules of the court. Both motions are based on the same ground, to wit, that more than forty days elapsed between the date of the service of the notice of appeal and the filing of the transcript and the service of the stenographer's transcript.

Upon the authority of *Fischer v. Davis,* 24 Ida. 216, 133 Pac. 910, both motions are denied. Also, see *Coon v. Sommercamp,* 26 Ida. 776, 146 Pac. 728.

It is next contended that the appellants' brief contains no enumeration of errors relied upon as provided by rule 45 of the rules of this court. After said motion was made the court permitted the appellants to insert in their brief their assignments of error. In the first three assignments it is contended that the court erred in entering judgment and in quieting the title to said mining claims in the plaintiff, since it appears that the plaintiff is a foreign corporation and had not complied with the laws of this state governing such corporations, and had no legal status in the courts of this state at the time the suit was instituted. The other error is that the court erred in quieting title to said premises in the plaintiff when the record shows the existence of unsatisfied mortgages and judgments which were subsisting and equitable liens against the property involved.

The first question presented is as to whether the respondent had a legal right to bring and maintain this action, for the reason that it was a corporation organized under the laws of the state of Washington. The contention of the appellants is based upon the fact that William Curry is the designated agent of the company, and subsequent to his designation as such removed to the state of Washington and took up his residence in the town of Clarkston, which is near the border of the state of Idaho.

The following facts appear from the record:

The plaintiff is a corporation organized in May, 1897, under and by virtue of the laws of the state of Washington, and it duly filed its articles of incorporation with the county recorder of Nez Perce county on June 4, 1907, and filed its designation of agent and designated therein William Curry of Orofino, Nez Perce county, as its authorized agent in the state of Idaho. The record also shows that the Junction Mining Company acquired title to the placer mining claims involved in this action on January 31, 1908, and the trial court found that at the time it accepted and received the deeds of conveyance conveying said placer mining claims to it, it had fully complied with the laws of the state of Idaho relative to foreign corporations, and also that said deeds of conveyance were valid; and found that the plaintiff had caused the assessment work on each and all of said mining claims to be done since it acquired title thereto, and we think that said findings are fully supported by the evidence.

The evidence shows that said Curry, who is the designated agent of the plaintiff corporation, removed to the state of Washington in 1909. Curry thereafter resided at Clarkston, in Washington, very near the town of Lewiston and was frequently in the state of Idaho; that he never had resigned as the agent of the plaintiff and did not notify the Secretary of State of his removal, and had never notified the officers of the company that he had removed to the state of Washington.

There is nothing in the first contention of appellants, to wit, that the plaintiff had failed to comply with the laws of the state of Idaho applicable to foreign corporations. The respondent in this action is not seeking to enforce a contract, and so far as the record shows, it never had contractual relations with the appellants unless it was with the man Henkel who was plaintiff's manager for some years. The plaintiff is attempting by this action to protect the title to its property that it had acquired years ago, and to prevent its confiscation and to eject trespassers therefrom.

Sec. 2792, Rev. Codes, contains provisions in regard to foreign corporations, and, among other things, provides that no contract or agreement made in the name of, or for the use or benefit of, such corporation prior to the making of such filings as first therein provided can be sued upon or enforced in any court of this state by such corporation. In construing said section 2792, this court held in *Katz v. Herrick,* 12 Ida. 1, 86 Pac. 873, that a foreign corporation which fails to comply with the requirements of said section cannot maintain a suit in any of the courts of this state for a breach or violation of a contract entered into during the time the corporation failed to comply therewith.

As before stated, the plaintiff is not suing upon a contract nor to recover for the breach or violation of a contract, but to protect its title to property that it acquired when it clearly had a right to acquire it because of its compliance with the provisions of the constitution and laws of this state. On this question see, also, *Reynolds v. Crawfordsville etc. Bank,* 112 U. S. 405, 412, 5 Sup. Ct. 213, 28 L. ed. 733, 736, and the cases there cited.

The provisions of our law respecting foreign corporations and their designation of agents are applicable only to actions brought for the enforcement of contracts, and have no applicability whatever to actions such as this brought by a foreign corporation to protect its own property that it had acquired at a time when it had a perfect right to acquire title to such property.

As before stated, the designated agent did not remove from the state of Idaho until after the plaintiff had acquired title to this property, and by a supplemental transcript filed at the time of the hearing, it appears that on June 28, 1914, subsequent to the trial of this action and prior to the rendering of the decision by the trial court, one Harry Coffield, a resident of Orofino, Clearwater county, was designated the agent of this company and is now the duly qualified and acting agent of the plaintiff corporation.

In the case of the *War Eagle Con. Min. Co. v. Dickie*, 14 Ida. 534, 94 Pac. 1034, this court held that a corporation, having rightfully acquired title to property, which had failed to comply with subsequent enactments of the legislature, where no forfeiture of its title to the property had been judicially declared, will be allowed to sue in our courts to protect its title and right of possession as against a private party who trespasses thereon or seeks or attempts to appropriate the same to his own use or benefit.

At the time the plaintiff corporation was organized and filed its articles of incorporation in Nez Perce county and designated its agent, Clearwater county was a part of, and was included in, Nez Perce county. As shown by the record, the plaintiff held the title to the property for more than a year after Curry was designated its agent and prior to the time that he removed from the state of Idaho to the state of Washington. The defendant Henkel was the moving spirit to get the plaintiff corporation to take hold of the property involved in this suit, and it appears that they expended more than $20,000 in procuring title and placing improvements thereon. Henkel at one time quitclaimed all of his right, title and interest in and to the said mining claims to the plaintiff corporation, and the trial court was fully justified in holding that the mortgages and liens held by Henkel ought to be canceled and released under the facts of this case.

The evidence is amply sufficient to support the findings of the court.

We therefore conclude that the judgment of the trial court must be affirmed, and it is so ordered. Costs awarded to the respondents.

Budge, J., concurs.

Morgan, J., did not sit at the hearing of this case and took no part in its decision.