UNION MORTGAGE, BANKING & TRUST CO., Limited, v. HAGOOD et al.

(Circuit Court, D. South Carolina. January 5, 1900.)

USURY—EFFECT ON CONTRACT—PROVISION FOR ATTORNEY'S FEES.
    A statute which forfeits the interest on a contract in case of usury, but does not make the contract void, does not affect a provision for attorney's fees in case of suit, and such provision is enforceable although the contract is held to be usurious.

In Equity.

This was a suit for the foreclosure of a mortgage, in which the notes secured were held usurious. The present hearing was on the question of the right of complainant to recover the attorney's fees provided for in the contract.

Allen J. Green, for complainant.

Wm. H. Townsend, for defendant.

SIMONTON, Circuit Judge. The question now submitted in this case is whether the plaintiff can recover the counsel fees, provision for which is made in the contract. It has been heretofore decided in this case that the notes, evidence of the loan, are affected with usury. The transaction leading up to this loan began before March 1, 1890. The testimony did now show, however, that the agreement or arrangement for the loan by plaintiff was made anterior to March 1, 1890, and it did show that the papers were not executed until after that date. It was deemed the duty of the plaintiff to prove that the agreement or the arrangement for the loan was made prior to March 1, 1890, in order to bring it within the exception to the statute. No evidence on that point appeared in the record. No doubt the whole transaction was completed without knowledge of the statute on the part of the plaintiff. The defendant now contends that, inasmuch as the loan has been decided to be usurious, the plaintiff cannot recover anything more than the principal of his loan, and that the contract to pay counsel fees in case of suit falls to the ground. The act of the general assembly of force at the date of this loan is directed against the receipt of a greater rate of interest upon verbal contracts than 7 per cent., and a greater rate of interest than 10 per cent. on written contracts. The infringement of the statute forfeits the interest eo nomine. The contract is not void or voidable. The promise to pay the principal is good, and is enforced. The lender loses interest. Now, the counsel fee, in case of suit, is no part of the interest. It is a collateral contract, applying only to the sum recovered, the amount of which is only ascertainable after the recovery is fixed by judgment. It is contingent upon the action of the debtor, and cannot come into effect except by the debtor's volition. It is not usurious in itself, and its connection with the contract does not make it usurious. Montague v. Stelts, 37 S. C. 212, 15 S. E. 968; Spain v. Hamilton, 1 Wall. 626, 17 L. Ed. 619. The defendant relies upon the case of Agency Co. v. Gillam, 49 S. C. 350, 26 S. E. 990, and 29 S. E. 203, in which counsel fees were not allowed on a usurious contract. This is but a single decision of the state court, and does not control this court. The learned justice assigns reasons for his conclusion which do not commend themselves. It is the judgment of this court that the counsel fee can lawfully be charged, and it is so ordered.