(February 3, 1903.)

SANFORD v. KUNZ.

[71 Pac. 612.]

USURIOUS CONTRACTS—PURGATION OF—OFFENSE—USURY—PENALTY.—
  Usurious contract, where no usury has been paid, may be purged
  by giving a new contract with the element of usury excluded.
  Parties to a usurious contract may cancel and destroy it by
  mutual consent, and purge the consideration of usury, and make
  it the basis of a new contract, and thereby bind the borrower to
  pay the money actually received, and a legal rate of interest
  thereon.   The offense of usury in this state consists in taking an
  unlawful or illegal rate of interest.   Usury is the illegal interest
  itself.   The penalty for usury is the fine or forfeiture imposed
  for the offense.
          (Syllabus by the court.)

APPEAL from District Court, Bear Lake County.

Glenn & Gough and Richards & Haga, for Appellant.

The offense of usury consists in taking unlawful interest. The contract to take or accept was never a crime. (*McClure v. Williams,* 7 Vt. 210; Webb on Usury, sec. 481; 27 Am. & Eng. Ency. of Law, 940.) The contract declares only the intent. Taking the money is committing the crime. Between them is the tempus poenitentiae. If the lender repents, although it be from fear, and stops after the first, the last will never come, and therefore he retreats in time. (*Sheldon v. Haxtun,* 91 N. Y. 124.) Section 1265 of the Revised Statutes of Idaho simply says: "Compound interest is not allowed." This cannot, by any reasonable construction, be construed to mean that it is unlawful to stipulate for compound interest. What it does mean is, that the taking or exacting of compound interest shall not be allowed. If no compound interest has been collected, then usury has not been paid, and, if the lender inadvertently stipulates for compound interest, but does not exact it or collect it, he is guilty of no violation of the law. The lender incurs no penalty unless he actually takes usury. (*Kilbourn v. Bradley,* 3 Day, 356, 3 Am. Dec. 273; *Ocobock v. Nixon,* 6 Idaho, 552, 57 Pac. 309; Ord on Usury, 36; *Kelly v. Hickok,* 1 Wend. 521; *Connecticut v. Jackson,* 1 Johns. Ch. 14, 7 Am. Dec. 471; *La Grange v. Hamilton,* 4 Term Rep. 613, 2 H. Black. 144; *Anderson v. Creamery etc.,* 8 Idaho, 200, 67 Pac. 493; *Washington etc. Assn. v. Stanley,* 38 Or. 319, 84 Am. St. Rep. 793, 63 Pac. 489; *Bellerby v. Goodwyn,* 112 Ga. 306, 37 S. E. 376.) We believe the doctrine of the law to be that if the provision for compound interest, or for a higher rate after maturity, was intended as a means to enforce a prompt payment, as a penalty for default, it is valid and does not partake of usury, but if the understanding was that the maker would be indulged, provided he paid the additional interest, such provision would render the note usurious. (*Union Mortgage Co. v. Hagood,* 97 Fed. 360; *Law Guarantee Soc. v. Hogue,* 37 Or. 514, 62 Pac. 380, 63 Pac. 690; *Bane v. Gridley,* 67 Ill. 388; *Ramsey v. Morrison,* 39 N. J. L. 591; *Lawrence v. Cowles.* 13

Ill. 577; *Cutler v. Howe,* 8 Mass. 257.) A contract may be purged of usury by refunding the usury and leaving the balance to draw interest at the legal rate. (Webb on Usury, sec. 482; *Phillips v. Columbia Bldg. Assn.,* 53 Iowa, 719, 6 N. W. 121.) If no usury has been paid, but merely reserved or stipulated for, it is sufficiently purged by the surrender of the contract and the giving of a new one with the element of usury excluded. (*De Wolf v. Johnson,* 10 Wheat. 367; *Peters Shoe Co. v. Arnold.* 82 Mo. App. 1; *Garvin v. Linton,* 62 Ark. 370, 35 S. W. 430, 37 S. W. 569; Webb on Usury, sec. 291; *Earl v. Mahon,* 19 Johns. 147, 10 Am. Dec. 204.)

John A. Bagley, for Respondents.

The original bond, interest coupons attached, and mortgage were usurious. It was admitted by counsel for appellant, in argument in the court below, that the original transaction was usurious upon its face, and the appellant had notice of this fact. The interest coupons attached to the bond showed they were for interest on the bond, and they provided for interest at twelve per cent per annum after maturity. The mortgage also recites the fact that the interest coupons were to draw interest at the rate of twelve per cent after maturity. This rendered the bond and mortgage usurious, and appearing upon the face of the coupons and mortgage was notice to those who took them. (*Vermont Loan etc. Co. v. Hoffman,* 5 Idaho, 376, 95 Am. St. Rep. 186, 49 Pac. 314.) Every renewal of a note given for a usurious loan of money is subject to the defense of usury between the original parties and the purchaser with notice. (Webb on Usury, 308, and cases cited; *Brown v. Bank,* 169 U. S. 416; 18 Sup. Ct. Rep. 390; *McDonald v. Aufdengarten,* 41 Neb. 40, 59 N. W. 762.) The transaction was not purged of usury because they included $550 of usurious interest. (Webb on Usury, 485; 27 Am. & Eng Ency. of Law, 964, and cases cited; *Trusdell v. Dowden,* 47 N. J. Eq. 396, 20 Atl. 972.) When the existence of the agreement for the payment of unlawful interest is proved, it is not necessary to further prove an actual intent. (Webb on Usury, 35.) The nature and terms of the contract determine

its character and purpose; and, if usurious in itself, it must be understood to have been so intended by the parties and they cannot be heard to the contrary. (*Burwell v. Burzwyn,* 100 N. C. 389, 6 S. E. 409.) The law will not allow men to assert their ignorance of the law, or disclaim an intention to do what their express contract implies. (*Reed v. Helm,* 15 Ind. 426.)

SULLIVAN, C. J.—This is an action to foreclose a mortgage on real estate, executed by respondents to appellant on the twenty-second day of August, 1898, to secure the payment of a promissory note for $700 of the same date, bearing interest at the rate of ten per cent per annum. The answer admitted the execution of said note and mortgage, but denied that there was anything due thereon except the sum of ten dollars, averred that said evidences of indebtedness were usurious, and that the principal debt thereof had been fully paid, except said sum of ten dollars. It is averred in the answer that said note and mortgage were given in renewal of a certain bond, with interest coupons attached, and mortgage to secure the payment of the same, and were executed by respondents on August 1, 1889, for $1,100, with interest thereon at the rate of ten per cent per annum, and that it was provided in said coupons that they should bear interest at the rate of twelve per cent per annum if not paid when due. The cause was tried by the court without a jury, and judgment was entered in favor of the appellant for $175, without costs or attorney's fees. This appeal is from the judgment.

The facts are substantially as follows: On August 1, 1889, the respondents, together with two other persons, now deceased, obtained a loan of $1,100 through James H. Bacon, of Salt Lake City, state of Utah, and certain loan brokers residing in the state of Nebraska, with interest thereon at the rate of seven per cent per annum, interest payable semi-annually, according to the tenor and effect of ten coupon interest notes, which provided for interest upon them after they became due. Said bond and mortgage were assigned several times, and finally came into the hands of appellant. When the debt became due, respondents secured an extension of the loan for two years by paying $100 on the principal and agreeing to pay interest at

the rate of ten per cent per annum. Very little, if any, interest upon interest was paid. In 1897 a suit was begun to foreclose said mortgage, which then amounted to about $1,300. Thereupon respondents were about to plead usury, and the suit was settled by the appellant agreeing to reduce her claim to $700 upon respondents' executing a note for that sum, secured by mortgage. Their comortgagors, having died, did not join in the latter note or mortgage, and the land owned by them was excluded from the mortgage. Default having been made in the payment of said $700 note, this suit was brought to foreclose said mortgage.

It is conceded by counsel for appellant that the bond of August 1, 1889, for $1,100 was usurious, but it is contended that the contract of August 22, 1898, purged that contract of usury, and that the promissory note for $700 and the mortgage securing its payment possess no taint of usury. It appears from the record that when the first suit was brought to enforce the payment of said debt there were $1,300 due appellant, and that when it was ascertained that respondents were about to plead usury she consented to reduce her claim to $700, thus taking $600 less than she claimed was actually due under the terms of the contract. The respondents accepted the offer, and executed a new note and mortgage for and to secure said $700, the intention being to purge said contract of usury. David Kunz, one of the respondents, testified on the trial, among other things, as follows: "The agreement at the time the new note and mortgage was executed was that we execute a new note and mortgage for $700 and the suit be dismissed. This was done. About $600 was knocked off, and that part of the land—one hundred and twenty acres—belonging to John Kunz was left out. . . . . They agreed to take a straight note, and knock off $600, and I agreed to pay that amount. I have never made any objection to the payment of this $700 note. I paid interest on it for two years. I have not claimed any usury in the matter." This testimony clearly shows the intent and purpose of the compromise agreement. It is also contended by counsel for respondents that, as the $700 note sued on herein is only a renewal of a usurious obligation—

the bond of $1,100, dated August 1, 1889—the defense of usury. may be interposed, and cites Webb on Usury, section 308, and cases there cited, and *Brown v. Bank,* 169 U. S. 416, 18 Sup. Ct. Rep. 390, 42 L. ed. 801. Those authorities would be in point if the contract had not been purged of usury. It is well settled that a usurious contract may be purged of every taint of usury. (Webb on Usury, sec. 482 et seq.) In section 482 that author says: "Of course, if no usury has been paid, but merely reserved, it is sufficiently purged by a surrender of the contract; and the giving of a new one with the element of usury excluded." It is also held that, if usury has been paid, the refunding of it, and its acceptance by the person in interest as such, under the agreement that only legal interest shall thereafter be charged, frees the contract from the taint of usury. It is well settled that parties can cancel and destroy the old contract, purge the consideration of usury, and make it the basis of a new obligation, and thereby bind the borrower, in law and equity, to pay the money actually received, and a legal rate of interest therefor. (Webb on Usury, sec. 291, and authorities there cited.) That was done in this case. The intention of the appellant and respondents in making the renewal contract was to purge the old contract of usury, and destroy it and to make the new contract free and clear of all taint of usury; and they accomplished their intention. The offense of usury consists in taking unlawful interest, and in many states the penalty is quite severe; going to the forfeiture of the entire principal debt. In this state the borrower as well as the lender is punished; the lender by forfeiting all interest on the loan, and the borrower by requiring judgment to be entered against him for ten per cent per annum upon the entire principal borrowed in favor of the school fund. Counsel for respondents has evidently failed to distinguish between the penalty for the offense of usury and usury itself, as he contends that, before a contract can be purged of usury, the borrower must be paid the entire penalty imposed by law on the lender. The penalty generally amounts to a greater sum than the illegal interest contracted to be paid. The penalty is the fine or forfeiture imposed for the offense of usury, while usury is the illegal interest itself.

· We therefore conclude that the first three errors assigned are well taken, and that the judgment must be reversed, and the cause remanded for further proceeding in accord with the views herein expressed, and it is so ordered. The appellant is entitled to judgment and decree of foreclosure for the amount due on her said promissory note, with reasonable attorney's fees and costs. Costs of this appeal are awarded to appellant.

Stockslager and Ailshie, JJ., concur.