(April 29, 1913.)

## CONSOLIDATED WAGON AND MACHINE CO., Respondent, v. S. W. KENT, Appellant.

[132 Pac. 305.]

Foreign Corporation—Compliance With Constitution and Statute Before Doing Business—Sufficiency of Pleading—Usury.

1. An allegation in a complaint that the plaintiff is a foreign corporation doing business in this state and "that said company has complied with the statutes of the State of Idaho, requiring a certified copy of its articles of incorporation to be filed in the office of the Secretary of State of the State of Idaho, and has duly designated its legal agent for the State of Idaho, said designation being of record at the office of the Secretary of State of the State of Idaho," is not a sufficient allegation of compliance with the constitution and statute of this state in order to entitle it to do business in the state, and is obnoxious to a special demurrer.

2. Where a complaint by a foreign corporation attempts to allege the compliance of such corporation with the foreign corporation laws of this state by reciting the things that the corporation has done, a failure to set forth the performance of all the things required by the constitution and statute leaves the complaint open to demurrer on the ground of failure to show capacity to sue.

3.   Where a promissory note provides for the payment of interest at the legal rate after judgment, such provision is not usurious under the terms of sec. 1539, Rev. Codes.

APPEAL from the District Court of the Fifth Judicial District for Bear Lake County.   Hon. Alfred Budge, Judge.

Action on promissory note.   Judgment for plaintiff.   Defendant appealed.   *Reversed.*

T. L. Glenn and John A. Bagley, for Appellant.

"A foreign corporation failing to comply with the requirements of the constitution and statutes cannot maintain a suit or action in any of the courts of this state for breach or violation of any contract entered into during the time the corporation had failed and neglected to comply with the constitution and statute." (*Paul v. Virginia,* 8 Wall. (U. S.) 181, 19 L. ed. 357; *Katz v. Herrick,* 12 Ida. 1, 86 Pac. 873.)

The court erred in overruling the demurrer and holding that the notes sued upon were not usurious. (*Vermont Loan Co. v. Hoffman,* 5 Ida. 376, 95 Am. St. 186, 49 Pac. 314, 37 L. R. A. 509; *Stevens v. Home Savings Co.,* 5 Ida. 741, 51 Pac. 779, 986.)

Charles E. Harris, for Respondent, cites no authorities.

AILSHIE, C. J.—The defendant demurred to the complaint and his demurrer was overruled. He declined to answer; judgment was entered against him and he has prosecuted this appeal.

The plaintiff is a foreign corporation doing business in this state. With a view evidently to bringing itself within the purview of our statute, sec. 2792, Rev. Codes, the complaint contained the following allegation as to plaintiff's compliance with the constitution and statute of this state:

"That at the time hereinafter mentioned plaintiff was and now is a corporation, duly organized and existing under the laws of the state of Utah, with its principal office at Salt Lake City, Utah, and doing a general implement business through

its established branch at the city of Montpelier, Bear Lake county, Idaho. That said company has complied with the statutes of the state of Idaho, requiring a certified copy of its articles of incorporation, to be filed in the office of the Secretary of State of the State of Idaho and has duly designated its legal agent for the State of Idaho, said designation being of record at the office of the Secretary of State, of the State of Idaho.''

Defendant filed a special demurrer, calling attention to the fact that the complaint failed to show that the articles of the plaintiff's incorporation were ever filed with the county recorder or clerk of the district court of Bear Lake county, the county in which it was doing business, or of any other county of the state, and that it was insufficient, in that it failed to show that the corporation had complied with all the provisions of the constitution and the statute, requiring it to do certain things and perform certain acts before it would be entitled to do business in this state or could maintain an action in the courts of this state. The court overruled this demurrer. The ruling of the court was erroneous. If the pleader had stopped by alleging that the company had complied with the constitution and statutes of the state of Idaho with reference to foreign corporations doing business in this state, it would have doubtless been sufficient. But he did not make such an allegation; he merely alleged ''that said company has complied with the statutes of the state of Idaho, requiring a certified copy of its articles of incorporation, to be filed in the office of the Secretary of State of the State of Idaho, and has duly designated its legal agent for the state of Idaho, said designation being of record at the office of the Secretary of State of the State of Idaho.'' This is not all the statute requires; these are only a part of the things required by the statute. The complaint does not allege that the corporation has done all the things necessary to entitle it to do business in the state, but merely that it has done these specific things. When the question of sufficiency of the pleading was raised by demurrer, it was the duty of the pleader to bring the plaintiff within the purview of the constitution

and statute by alleging compliance therewith. (*Valley Lumber Co. v. Driessel,* 13 Ida. 662, 93 Pac. 765, 13 Ann. Cas. 63, 15 L. R. A., N. S., 299; *Katz v. Herrick,* 12 Ida. 1, 86 Pac. 873; *Valley Lumber Co. v. Nickerson,* 13 Ida. 682, 93 Pac. 24; *Kiesel v. Bybee,* 14 Ida. 670, 95 Pac. 20.) The court should have sustained the demurrer and allowed the plaintiff to amend its complaint if it so desired, and it was error to overrule the demurrer.

The defendant also demurred to the complaint, on the ground that it shows upon its face that the note sued upon is usurious, in that it calls for a payment of interest on interest, in violation of the provisions of sec. 1539 of the Rev. Codes. The note sued upon provides that the principal shall draw interest at the rate of ten per cent per annum from date until maturity, and that if the note is not paid at maturity, it shall bear interest at the rate of one per cent per month from maturity until judgment and after judgment seven per cent per annum.

The chief objection urged against this note is that it provides for the payment of interest on interest. It is contended that a contract is usurious which provides for the payment of any rate of interest after judgment. We do not think this objection well taken. The rate of interest here provided to be paid after the entry of judgment happens to be the same rate as provided by the statute, but a contract with reference to the interest to be paid after judgment would have no force or effect whatever, and it is such a contract as must necessarily pass under the scrutiny of the court before a judgment can be entered. The statute fixes the rate of interest to be paid on all judgments. We do not think this provision falls within the purview of the usury statute (sec. 1539) or the rule announced by this court in the decisions cited. (*Vermont Loan & Trust Co. v. Hoffman,* 5 Ida. 376, 95 Am. St. 186, 49 Pac. 314, 37 L. R. A. 509; *Stevens v. Home Savings Co.,* 5 Ida. 741, 51 Pac. 779, 986; *Sanford v. Kunz,* 9 Ida. 29, 71 Pac. 612; *Anderson v. Creamery Co.,* 8 Ida. 200, 101 Am. St. 188, 67 Pac. 493, 5 L. R. A. 554.)

The judgment must be reversed, and it is so ordered, and the cause is remanded with direction to sustain the demurrer and to allow the plaintiff to amend if it so desires. Costs awarded in favor of appellant.

Sullivan and Stewart, JJ., concur.