(November 29, 1924.)

RENSSELAER L. CURTIS, Receiver of the OVERLAND NATIONAL BANK, a Corporation, Respondent, v. WESTERN REPORTING & CREDIT COMPANY, a Corporation, and I. F. OVERMYER, Appellants.

[230 Pac. 771.]

PROMISSORY NOTES—NATIONAL BANKS—INTEREST—USURY—PENALTY—EVIDENCE—AMENDMENT OF PLEADING.

1. It is within the exclusive power of Congress to determine the penalty that may be exacted of a national bank for taking, receiving, reserving or charging an usurious rate of interest.

2. Congress has limited the penalty for the usurious contracts of national banks to a forfeiture of the interest, where the interest has not been paid.

3. No other or greater penalty can be imposed on a national bank in an action on an usurious contract than a forfeiture of the interest.

4. In an action on a promissory note, where usury is pleaded as a defense, evidence with respect to other alleged usurious transactions is not admissible.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Raymond L. Givens, Judge.

Action on promissory notes. Judgment for plaintiff. *Affirmed.*

T. S. Risser, for Appellants.

The receiver of the Overland National Bank cannot enforce the notes because they arise out of an illegal contract and in contravention of the federal banking laws and penal statutes, and in contravention of our state statutes relating to usury. (12 C. J. 509, 510; 8 C. J. 243; Michie, Banks and Banking, sec. 181, and notes; *Bank of United States v. Owens,* 2 Pet. (U. S.) 527, 7 L. ed. 508; *Third Nat. Bank of Sandusky v. Smith,* 17 N. M. 166, 125 Pac. 633; *Citizens Nat. Bank etc. v. Mitchell,* 24 Okl. 488, 20 Ann. Cas. 371, 103

Pac. 720; *Pinney v. First Nat. Bank of Concordia,* 68 Kan. 223, 1 Ann. Cas. 331, 75 Pac. 119; *Western Nat. Bank v. State Bank, etc.,* 18 Colo. App. 128, 70 Pac. 439; *Larson v. Pender First Nat. Bank,* 62 Neb. 303, 87 N. W. 18; *Brown v. First Nat. Bank of Columbus,* 137 Ind. 655, 37 N. E. 158, 24 L. R. A. 206; *McNulta v. Corn Belt Bank,* 164 Ill. 527, 45 N. E. 954; *Snoddy v. American Nat. Bank,* 88 Tenn. 573, 17 Am. St. 918, 13 S. W. 127, 7 L. R. A. 705; *State v. Corning State Sav. Bank,* 136 Iowa, 79, 113 N. W. 500; *Springfield Bank v. Merrick,* 14 Mass. 322; *Union Trust Co. v. Preston Nat. Bank,* 136 Mich. 460, 112 Am. St. 370, 4 Ann. Cas. 347, 99 N. W. 399; *Kelin v. Mech. & Traders Bank,* 145 App. Div. 615, 130 N. Y. Supp. 436.)

The allowance of attorney fees was erroneous. (*Fidelity Sav. Assn. v. Shea,* 6 Ida. 405, 55 Pac. 1022.)

Richards & Haga, for Respondent.

If a greater rate of interest is charged than allowed by state laws, a national bank is not rendered liable to the penalty for usury provided by state law, the federal statutes governing the interest rate and penalty for the collection of excessive interest being exclusive. (*Farmers' & Merch. Nat. Bank v. Dearing,* 91 U. S. 29, 23 L. ed. 196; *Haseltine v. Central Nat. Bank,* 183 U. S. 132, 22 Sup. Ct. 50, 46 L. ed. 118; *Schuyler Nat. Bank v. Gadsen,* 191 U. S. 451, 24 Sup. Ct. 129, 48 L. ed. 258; 21 Am. & Eng. Ency. Law, p. 387; 6 Fed. Stats. Ann., 2d ed., p. 747; note to secs. 5791 and 5198, Rev. Stats. U. S.)

The rate of interest that may be received or charged by a national bank has been limited by federal statute to the maximum rate allowed by the state within which the bank is located and the only consequences and penalty for taking interest in excess of the rate limited has been fixed by federal statute as the forfeiture of the entire interest due. (Secs. 5197, 5198, Rev. Stats. U. S.; 6 Fed. Stats. Ann., 2d ed., pp. 744, 747.)

WM. E. LEE, J.—This action was instituted by the receiver of a failed bank to enforce payment of the principal and interest of three promissory notes. At the close of all the evidence, the court directed a verdict for the respondent (plaintiff below) for the principal of the notes; and a judgment was made and entered in favor of respondent and against appellants for the principal amount of the three notes, together with an attorney's fee and costs. At the outset of the trial, the parties stipulated that respondent was entitled to an agreed attorney's fee in the event of judgment in its favor. This appeal is from the judgment and from an order overruling a motion for new trial.

It appearing that the notes to enforce the payment of which this action was instituted were usurious, the court refused to allow the recovery of interest. Appellants contend that it was error for the court to allow the recovery of either the principal sum, attorneys' fees or costs, it being their contention that the notes are illegal and void in that they grew out of a contract between the defunct bank and appellants, the purpose of which was to violate the law in charging an usurious rate of interest. Appellants' contention is without merit. Respondent was a National Banking Association. It is within the exclusive power of Congress to determine the penalty to be exacted of a national bank for taking, receiving, reserving or charging an usurious rate of interest. (*Farmers' & Mech. Nat. Bank etc. v. Dearing,* 91 U. S. 29, 23 L. ed. 196; *Schuyler Nat. Bank, etc., v. Gadsden,* 191 U. S. 451, 24 Sup. Ct. 129, 48 L. ed. 258; 3 R. C. L., p. 663, sec. 294, and cases cited; 7 C. J., p. 820, sec. 765.) It is provided (sec. 5198, U. S. Rev. Stats.; U. S. Comp. Stats., sec. 9759; 6 Fed. Stats. Ann., 2d ed., p. 747) that "The taking, receiving, reserving, or charging a rate of interest greater than is allowed .... (by the statutes of this state) .... when knowingly done, shall be deemed a forfeiture of the entire interest which the note .... carries with it, or which has been agreed to be paid thereon." Where the interest has not been paid, Congress has limited the penalty for the usurious contracts of na-

tional banks to a forfeiture of the entire interest provided therein. The penalty is the fine or forfeiture imposed for the offense of usury. (*Sanford v. Kunz*, 9 Ida. 29, 71 Pac. 612.) No other or greater penalty or forfeiture could have been imposed by the trial court.

Despite their stipulation that respondent was entitled to an agreed sum as attorneys' fees in the event of a judgment in its favor, appellants, upon the authority of *Fidelity Sav. Assn. v. Shea*, 6 Ida. 405, 55 Pac. 1022, contend that the court erred in allowing the attorneys' fees. The Shea decision was based on a statute different from the statute now in force and different from the federal statute above quoted, and it is not authority in this case. See, however, *American Mortgage Co., etc., v. Woodward*, 83 S. C. 521, 65 S. E. 739; *Matzenbaugh v. Troup*, 36 Ill. App. 261; *Ramsey v. Thomas*, 14 Tex. Civ. 431, 38 S. W. 259; *Union Mortgage, Banking & Trust Co. v. Hagood et al.*, 98 Fed. 779.

During the trial appellants sought to introduce evidence relating to other alleged usurious transactions, but the trial court restricted such evidence to the notes which were the subject of the action. Appellants then offered an amendment relating to the other transactions. There was no occasion for the admission of evidence of other usurious transactions and the court properly refused the amendment. Even under the proposed amendment, no other penalty could have been imposed than the forfeiture of the interest. This was accomplished. Appellants obtained the ultimate relief to which they were entitled.

The judgment is affirmed. Costs to respondent.

McCarthy, C. J., and William A. Lee and Dunn, JJ., concur.