498 P.2d 1284

**Sadie RONEN, Plaintiff-Appellant,**

v.

**Benton R. TEER, Defendant-Respondent.**

No. 10855.

Supreme Court of Idaho.

July 20, 1972.

———◆———

Stephen Bistline, Sandpoint, for plaintiff-appellant.

Peter B. Wilson, of Wilson & Walker, Bonners Ferry, for defendant-respondent.

SHEPARD, Justice.

Plaintiff brought this action against defendant seeking the imposition of the penalties of our usury statute presently codified as I.C. § 28–22–107. Following trial, the district court concluded that although the agreement between the parties contemplated the payment of interest which was usurious, a later agreement the following year had purged the original agreement of its otherwise usurious nature. Judgment was entered for the defendant and plaintiff appeals. We affirm.

Plaintiff and defendant entered into an agreement in July of 1966 wherein plaintiff executed a note for the sum of $3,616.80 payable in 48 monthly payments of $75.35 each. That note was secured by a mortgage on real property situate in Bonners Ferry, Idaho. Defendant actually loaned plaintiff the sum of $2,740. The difference between the amount of the loan and the amount of the note indicates the interest charged. Defendant contends that the amount of interest intended to be charged was 8%, which is admittedly permissible under our statute. Defendant contends that he merely calculated 8% of the sum actually loaned and multiplied that amount by the four years after which the debt was to be paid. Obviously, that procedure did not take into account the declining balance on the principal amount which would result from the monthly payments, and resulted in a contract for the payment of usurious interest.

Plaintiff invested the $2,740 in an ill-advised business venture and lost the entire sum. Plaintiff's only assets were her social security payments and rental payments from the mortgaged house amounting to $40 to $50 per month on such occasions as the tenants actually paid their rent. Plaintiff made three monthly payments on the note, then paid $10 per month for three months and then made no further pay-

ments. The total amount thus paid was $256.05.

In early 1967 correspondence was initiated between the parties and as a result thereof plaintiff, by warranty deed, conveyed the real property in Bonners Ferry to the defendant by way of full settlement of the note. An additional contract was entered into by the parties which provided that if plaintiff could cause the real property to be sold for more than $2,800 the plaintiff could retain any amount in excess of $2,800. This latter contract was to be in effect for sixty days. At the expiration of that time the property had not been sold and the warranty deed was recorded in defendant's name. Approximately six months later the present action was commenced by which plaintiff sought to recover sums of money which, although not paid to defendant, were allegedly usurious interest under the note and mortgage.

I.C. § 28–22–107 provides in pertinent part:

"The taking, receiving, reserving, or charging a rate of interest greater than is allowed by this chapter, when knowingly done, shall be deemed a forfeiture by the person so taking, receiving, reserving or charging to the benefit of the person paying or being charged, of the entire interest which the contract carries with it or which has been agreed to be paid thereon, plus twice the amount of such interest. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back the amount of the interest thus paid * * * plus twice the amount of such interest in addition. * * *."

It is undisputed that the original note contemplated usurious interest. The district court however, found that the value of the real property in Bonners Ferry was not in excess of $2,500 on the date of the deed. The district court further found that the amount of $2,500 plus the amount of payments made by the plaintiff on the note ($256.05) made a total payment of $2,756.05 applied against an admitted debt of $2,740 over a period of approximately ten months. The district court concluded therefrom that the amount of interest actually paid was not usurious and that the penalties set forth in I.C. § 28–22–107 should not be invoked.

It is uncontroverted that the statutory provision concerning usury was violated by the execution of the original agreement between the parties since the true interest rate thereon was in excess of the allowable 8% per annum. However, we further note that:

"Under certain circumstances, such as where usury is eliminated from the transaction by agreement of the parties before the issue is submitted for judgment of the court, the transaction may be purged of usury. Sanford v. Kunz, 9 Idaho 29, 71 P. 612 (1903)." Bjornstad v. Perry, 92 Idaho 402, 443 P.2d 999 (1968).

■ The district court concluded that the original agreement between the parties was purged of its usurious intent by a subsequent agreement transferring the real property valued by the trial court at $2,500. It is unnecessary that the second transaction be entered into by the parties for the express purpose of purging the first transaction of usury. The exhibits herein clearly demonstrate the intent of the parties was simply to pay off the principal indebtedness. Further, had the plaintiff been able to sell the property herself prior to the actual transfer she would then have paid the principal amount of the debt in money rather than through the transfer of the real property.

Appellant also assigns error in the district court's valuation of the real property at $2,500. Although the evidence was conflicting the record shows testimony by a realtor that the value of the real property in question was not in excess of $2,500. That finding of fact by the trial court finds support in the record and therefore

was in the discretion of the district court and will be upheld. King v. MacDonald, 90 Idaho 272, 410 P.2d 969 (1965); Adams v. Adams, 89 Idaho 84, 403 P.2d 593 (1965).

The judgment of the district court is affirmed. Costs to the respondent.

McQUADE, C. J., and McFADDEN, DONALDSON and BAKES, JJ., concur.